BARFIELD, Judge.
The final summary judgment, setting aside a deed to appellant from the mother of both appellant and appellee, is reversed. Our review of the record shows appellant was not a lawful guardian for his mother Levonia Moses under section 744.341, Florida Statutes (1983), at the time of the conveyance. Webster & Moorefield, P.A. v. City National Bank, 453 So.2d 441 (Fla. 3d DCA 1984). Further, there is no showing appellant took any actions by which he could be held a de facto guardian. 30 C.J.S. Guardian and Ward § 8 (1976); Linton v. Walker, 8 Fla. 144 (Fla.1858). Thus there remains a factual issue as to whether appellant held a fiduciary relationship with his mother at the time of the deed, such that there could have been a breach of a fiduciary relationship. Further, the record fails to show appellant exerted any undue influence or duress on his mother to transfer the property at issue to him. Appellee has failed to show that he is entitled to summary judgment as a matter of law at this stage of the proceedings. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Accordingly, summary judgment is REVERSED and the case is REMANDED for further proceedings.
SHIVERS and ZEHMER, JJ., concur.